Nott, Oh. el.,
dissenting:
1. Mr. elustice Davis, in the case of Otis (20 C. Cls. R., 315), laid down as the rule of construction for these mail-messenger contracts of the Post-Office that the “new or additional mail-messenger or transfer service” which is to be performed “without additional compensation” must be construed to mean service similar in nature to that required by the contract. Ho also held that a contract prepared at the Post-Office, leaving the contractor no choice as to form or phraseology, must be construed in a doubtful case in favor of justice and against the Government. A more sound and just *589 rule of construction was never laid down by a judge. The case was carried to the Supreme Court and afEnned (120 IT. S., 115).
I perceive nothing in the present case which justifies me in departing from the decision in the case of Otis, followed as it has been bj- similar decisions in successive cases.
In previous cases it has been held that there is a difference “in kind” between a “ mail station ” and a “receiving station.” The difference in kind between a street car and a post-office seems to me to be much more radical than the difference between a receiving station and a mail station. This system of carrying the mails on street cars did not exist when the contract was made; the claimant did not agree to meet street cars; he did not agree to meet street cars on time; he did not agree to wait for street cars behind time. The Postmaster-General had no right to try this experiment in city mail transportation at the claimant’s cost. As was said in a recent case, ‘‘a new system of receiving stations” is not “new or additional transfer or mail station service,” and “extra service” is not new or additional service. For the one the contractor can recover; the other must be performed without additional compensation. (Union Transfer Co. ’s Case, 36 C. Cls. R., 216.)
2. It is well settled that where a contract provides that additional work or service or material may be ordered only by a designated officer, such as the head of a Department, a subordinate can not bind the defendants by directing the contractor to do additional work, even though the defendants receive a benefit therefrom. That is to say, if the Secretary of the Treasury intends to erect a building at a cost of 1100,000, and stipulates that there shall be no additional work done, except when ordered by himself, the officer under whom the work is done can not make the defendants pay $110,000 for a better building than they contemplated erecting through their Secretary of the Treasury. But it is equally well settled that where service is rendered to the Government, which it needs and is invited by an officer having chai’ge of such work, an implied contract will arise and the claimant will recover in quantum meruit. (Clark v. United States, 95 U. S., 539.)
What are the distinguishing facts in this case? The claimant was a contractor doing mail-messenger service in the city *590 of Boston under a contract which, in effect, required him to do whatever the postmaster might order and direct. There were complaints that the railroad service by which, the Brook-line post-office was served was inefficient and unsatisfactory. The postmaster, supposing that.Brookline was within the territory of the contractor and that the additional service would be performed without additional compensation, ordered the contractor to do it by wagon service. He complied, but appealed to the Postmaster-General, setting forth that the service was beyond his territory. The Postmaster-General called on the postmaster for explanations and investigated the facts; he then approved the service and thereby ratified what had been done, and directed the postmaster to take measures for its unbroken continuance and for permanently carrying it on. When these arrangements had been made he 'relieved the contractor from performing. The case, therefore, is precisely like that of Otis (120 U. S. R., 115, 121, 123) where, under a similar contract, the postmaster in New York required the contractor to carry mails beyond his territorial field, viz, from New York to Jersey City, and where the Supreme Court held that this was extra service for which the contractor was entitled to recover.
The similar case of Wesley E. Travis v. The United States (22814) was at the same time dismissed for the reasons set forth in the preceding opinion of the court.